**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 23-30690-sgj7 |
| ISMAIL ESSA BHAI, | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| ———————————————— | ) | |
| | ) | |
| BENEFIT STREET PARTNERS REALTY | ) | Adversary Proceeding |
| OPERATING PARTNERSHIP, L.P. and BSP | ) | |
| OF FINANCE, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 23-03042-sgj |
| | ) | |
| v. | ) | |
| | ) | |
| ISMAIL ESSA BHAI, | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————— | ) | |

**PLAINTIFF BENEFIT STREET'S BRIEF IN SUPPORT OF**
**MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS TO**
**NONPARTIES RAHEEL BHAI AND ROZMEEN BHAI**

# TABLE OF CONTENTS

I.   SUMMARY .................................................................................................... 1

II.  BACKGROUND ............................................................................................ 2

III. RULE 37 CERTIFICATION .......................................................................... 4

IV.  ARGUMENT ................................................................................................. 4

A.   Plaintiff's Subpoena to Raheel Should Be Enforced. .............................. 5

  1.   Blanket Fifth Amendment Claims Are Impermissible. ...................... 5

  2.   Raheel's Fifth Amendment Claims Are Likely to Fail on an Individual
       Basis. .................................................................................................. 6

     a.   The Act of Producing Documents Sought by Benefit Street Would
          Not Be Testimonial. ..................................................................... 6

        i.   Production of Financial and Business Records Is Not Testimonial. ............ 7

        ii.  The Existence and Location of Responsive Documents is Known. ............. 8

        iii. Production of the Requested Documents Would Not Implicitly
             Authenticate Them. .................................................................. 8

     b.   The Act of Producing Documents Sought by Benefit Street Would
          Not Be Self-Incriminating ............................................................ 9

     c.   Raheel Should Be Compelled to Comply with the Subpoena. ..................... 10

B.   Plaintiff's Subpoena to Rozmeen Should Be Enforced. ....................................... 11

  1.   Rozmeen Has No Privacy Rights in the Requested Documents. ....................... 11

  2.   Rozmeen Need Not Be an Officer, Manager, or Director of an Entity to
       Produce Responsive Documents Related to Such Entity. ............................. 11

  3.   Rozmeen's Boilerplate Objections are Unfounded. ................................... 12

  4.   Rozmeen Must Produce Documents and Communications Related to
       Her Alleged Divorce. ...................................................................... 12

  5.   Rozmeen May Not Decline to Produce a Privilege Log. ............................. 13

  6.   Rozmeen Has Failed to Produce Any Documents. ................................... 13

C.    Benefit Street is Entitled to Its Expenses For Prosecuting this Motion,
Jointly and Severally From Raheel, Rozmeen, and Mr. Ravji............................. 13

D.    Reservation of Rights............................................................................................ 15

V.    CONCLUSION AND PRAYER .............................................................................. 15

# TABLE OF AUTHORITIES

**Cases**

*AAOT Foreign Econ. Ass'n (VO) Technostroyexport v. Int'l Dev. & Trade Servs.*, No. 96CIV.9056(JGK)(AJP), 1999 WL 970402 (S.D.N.Y. Oct. 21, 1999)................................. 6, 10

*Berkley Reg'l Ins. Co. v. Weir Bros., Inc.*, No. 3:14-mc-9-B, 2014 WL 2572798 (N.D. Tex. June 9, 2014) ...................................................................................................... 13

*Fisher v. United States*, 425 U.S. 391 (1976) .................................................. 6, 7, 8, 9

*Grosso v. United States*, 390 U.S. 62 (1968) .......................................................... 10

*In re Gilboe*, 699 F.2d 71 (2d Cir. 1983) ................................................................ 6, 9

*In re Grand Jury Proceedings,* 814 F.2d 190 (5th Cir. 1987) ....................................... 8

*In re Sambrano Corp.*, 441 B.R. 562 (Bankr. E.D. Tex. 2010) .................................. 6, 7, 8, 9, 10

*Jostens, Inc. v. Hammons*, No. 4:20-CV-00225, 2021 WL 274437 (E.D. Tex. Jan. 27, 2021) ................................................................................................................ 7, 11

*Sec. and Exch. Comm'n v. First Fin. Grp. of Texas, Inc.*, 659 F.2d 660 (5th Cir. 1981) .............. 5

*Toshiba Int'l Corp. v. Kalaga*, No. H-19-4274, 2020 WL 13413223 (S.D. Tex. Apr. 21, 2020) ................................................................................................................. 10

*Tsanaca v. Amazon.com, Inc.*, No. 4:17-CV-00306, 2018 WL 324447 (E.D. Tex. Jan. 8, 2018) .................................................................................................................. 5

*United States v. Bhai*, Case No. 3:22-cr-36-X (N.D. Tex.) .......................................... 1

*United States v. Coppola*, 788 F.2d 303 (5th Cir. 1986) .............................................. 10

*United States v. Doe (Doe II)*, 465 U.S. 605 (1984) ................................................... 7

*United States v. Klir*, No. S-78-31-CA, 1979 WL 1563 (E.D. Tex. Dec. 7, 1979) ....................... 8

*United States v. Melchor Moreno*, 536 F.2d 1042 (5th Cir. 1976) ................................. 5

*United States v. Miller*, 425 U.S. 435 (1976)............................................................ 11

*United States v. Penrod*, 609 F.2d 1092 (4th Cir. 1979) ............................................. 10

*United States v. Roundtree*, 420 F.2d 845 (5th Cir. 1969)............................................ 5

*Velasquez-Campuzano v. Marfa Nat'l Bank*, 896 F. Supp. 1415 (W.D. Tex. 1995), *aff'd* 91 F.3d 139 (5th Cir. 1996) ...................................................................................... 11

**Statutes and Rules**

11 U.S.C. § 329(a) ................................................................................................................ 14

Bankruptcy Rule 2016(b) ..................................................................................................... 14

Bankruptcy Rule 9016 ............................................................................................................ 3

Bankruptcy Rule 9037 ............................................................................................................ 1

Fed. R. Civ. P. 34(b)(2)(C) .............................................................................................. 11, 12

Fed. R. Civ. P. 37 ................................................................................................................... 1

Fed. R. Civ. P. 37(a)(1) ......................................................................................................... 4

Fed. R. Civ. P. 37(a)(5)(A)(i—iii) ....................................................................................... 13

Fed. R. Civ. P. 45 ................................................................................................................... 3

Fed. R. Civ. P. 45(e)(2)(A) .................................................................................................. 13

## I.    SUMMARY

Plaintiffs Benefit Street Partners Realty Operating Partnership, L.P. ("BSPROP") and BSP OF Finance, LLC ("OF Finance"; together with BSPROP, collectively, "Benefit Street" or "Plaintiff"), file this brief in support of their *Motion to Compel Compliance with Subpoenas to Nonparties Raheel Bhai and Rozmeen Bhai* (the "Motion") filed contemporaneously herewith. The Motion requests entry of an order compelling nonparties Raheel Bhai ("Raheel") and Rozmeen Bhai ("Rozmeen"), pursuant to Federal Rule of Bankruptcy Procedure[1] 9037 and Federal Rule of Civil Procedure[2] 37, to fully and properly respond to the subpoenas served on them by Benefit Street, and charging them and their counsel, Aamer Ravji, Esq. ("Mr. Ravji") with Plaintiff's expenses, including attorney's fees, in connection with the Motion.

Raheel is the adult son of Ismail Essa Bhai ("Debtor"), the defendant in the above-captioned adversary proceeding which alleges nondischargeability and objects to discharge. Raheel lived with Debtor, worked with Debtor, and most significantly, together with Debtor defrauded Benefit Street out of approximately $150 million.  Raheel now awaits a sentencing hearing in March 2024, at which a proposed plea agreement with the United States government under which Raheel admitted to wire fraud against Benefit Street is to be considered by the district court.  *See United States v. Bhai*, Case No. 3:22-cr-36-X (N.D. Tex.).

Rozmeen is Debtor's alleged former spouse.  She also (despite, and apparently continuously since, their purported divorce) lived with Debtor, worked with Debtor, and, upon information and belief, participated in the family's fraudulent scheme against Benefit Street.  And along with Debtor and Raheel, Rozmeen fled the United States after Benefit Street uncovered the

---

[1] Hereinafter, the "Bankruptcy Rules".

[2] Hereinafter, the "Civil Rules".

family's fraud, returning only for Raheel to sign his proposed plea deal and for Debtor to file his

Chapter 7 bankruptcy case in a far-fetched effort to avoid the consequences of his and his family's

fraud.

While Debtor's failures to meaningfully cooperate with his own discovery obligations will,

absent his prompt compliance, be the subject of a separate motion, Benefit Street brings this

Motion to compel Raheel and Rozmeen to meet their discovery obligations, rather than

stonewalling Benefit Street and adding to the harm already caused by their approximately $150

million fraud.  Additionally, Raheel, Rozmeen, and their counsel (or former counsel, as he claims

to have withdrawn shortly after refusing, on his clients' behalf, to produce documents) Mr. Ravji

should be held liable for Plaintiff's expenses in connection with this Motion.  The Motion is further

supported by Plaintiff's *Appendix of Exhibits in Support of Motion to Compel Compliance with

Subpoenas to Nonparties Raheel Bhai and Rozmeen Bhai* (the "Appendix"), filed

contemporaneously herewith.

## II.    BACKGROUND

Plaintiff filed its *Complaint to Determine Dischargeability of Debt and to Deny Discharge*

[ECF No. 1] (the "Complaint") alleging, among other things, that Debtor, along with Raheel and

Rozmeen, engineered and executed a massive fraud against Plaintiff in order to obtain an almost-

$150 million loan (the "Loan").  After their fraud was discovered by Benefit Street, Debtor,

Raheel, and Rozmeen entered into a forbearance agreement with Benefit Street in which Raheel

admitted to defrauding Benefit Street, and in connection with which the Bhais, including Debtor,

each personally guaranteed the Loan.  However, instead of performing under the forbearance

agreement, the Bhais fled the United States to escape the criminal and civil consequences of their

fraud.  The Bhais eventually returned, but only after Raheel had negotiated a favorable plea deal

(to which Benefit Street has objected) with the United States Attorney.  Upon returning, Debtor

filed the above-captioned bankruptcy case (the "Bankruptcy Case"), in connection with which he has committed a number of bankruptcy violations constituting cause to deny his discharge, including making untruthful statements under oath, destroying estate records, and participating in his family's fraudulent scheme against Benefit Street.[3]    The allegations in the Complaint are incorporated herein by reference.

On August 9, 2023, Plaintiff served subpoenas requiring the production of documents on Raheel and Rozmeen (the "Subpoenas") pursuant to Civil Rule 45 and Bankruptcy Rule 9016. The return date on each subpoena was August 29, 2023.  True and correct copies of the Subpoenas to Raheel and Rozmeen, including Plaintiff's specific document requests, are included in Plaintiff's Appendix as Exhibits "**A**" and "**B**" respectively.

On August 23, 2023, Raheel and Rozmeen, through their counsel Mr. Ravji, served responses and objections to the Subpoenas (the "Responses").  True and correct copies of Raheel and Rozmeen's Responses are included in Plaintiff's Appendix as Exhibits "**C**" and "**D**", respectively.  As described below, Raheel asserted a Fifth Amendment privilege in response to every document request directed to him and declined to produce any documents or provide a privilege log of responsive documents withheld under his asserted Fifth Amendment privilege. Rozmeen, on the other hand, asserted various objections, as described below, but promised to produce some documents.  However, Rozmeen too has refused to provide a privilege log, and has, to date, produced nothing, with no counsel in place to coordinate her production of admittedly responsive documents.

---

[3] As demonstrated by, among other things, Debtor's credit counseling certificate filed in the Bankruptcy Case [ECF No. 2], which Debtor completed while overseas nearly two months before filing his voluntary petition, Debtor and his family always contemplated that he would file bankruptcy, waiting only for an acceptable deal with the United States Attorney to return home with his wife and admitted criminal son.

On September 26, 2023, Plaintiff's undersigned counsel, Adam Herring, Esq., pursuant to Civil Rule 37(a)(1), sent Mr. Ravji a letter (the "Good-Faith Letter") responding to certain of Raheel and Rozmeen's objections and demanding that they supplement their responses, make a full production, and provide a privilege log, as appropriate, no later than October 2, 2023. A true and correct copy of the Good-Faith Letter is included in Plaintiff's Appendix as Exhibit "**E**".

On September 27, 2023, Mr. Ravji called Mr. Herring to discuss the Good-Faith Letter. Rather than responding on the merits, Mr. Ravji disclosed to Mr. Herring that he no longer represented any of the Bhais in any capacity, and further indicated that he had forwarded the Good-Faith Letter to Raheel and Rozmeen, as well as Debtor's bankruptcy counsel. Mr. Ravji followed up on this telephone call with an email to Mr. Herring, a true and correct copy of which is included in Plaintiff's Appendix as Exhibit "**F**". As of the date of this Motion, (a) Raheel and Rozmeen have not produced any documents or a privilege log, (b) their counsel who prepared and signed their discovery responses claims to have withdrawn shortly thereafter, and (c) despite being informed of the Good-Faith Letter, nobody—neither they nor any counsel on their behalf—has contacted Plaintiff's counsel to discuss their compliance with their discovery obligations.

## III.    RULE 37 CERTIFICATION

The undersigned certifies compliance with Civil Rule 37(a)(1)'s requirement that Plaintiff has attempted in good faith to resolve the discovery dispute discussed in this Motion without court action.

## IV.    ARGUMENT

Neither Raheel nor Rozmeen has shown grounds for the Court to excuse their compliance with the Subpoenas.

### A.  Plaintiff's Subpoena to Raheel Should Be Enforced.

Raheel's Fifth Amendment objections are meritless.  Not only are blanket Fifth Amendment claims impermissible, Raheel appears largely unable to avail himself of any Fifth Amendment production privilege on an individualized basis.

### 1.  Blanket Fifth Amendment Claims Are Impermissible.

Blanket Fifth Amendment claims are impermissible.  The Fifth Circuit has held that "a blanket assertion of the [Fifth Amendment] privilege is insufficient to relieve a party of the duty to respond to questions." *Sec. and Exch. Comm'n v. First Fin. Grp. of Texas, Inc.*, 659 F.2d 660, 668 (5th Cir. 1981) (citing *United States v. Roundtree*, 420 F.2d 845, 852 (5th Cir. 1969) ("even if the danger of self-incrimination is great, (the party's) remedy is not to voice a blanket refusal to produce his records or testify")).  Rather, "a party is not entitled to decide for himself whether he is protected by the fifth amendment privilege . . . this question is for the court to decide after conducting 'a particularized inquiry, deciding, in connection with each specific that the questioning party seeks to explore, whether or not the privilege is well-founded.'" *Id.* (quoting *United States v. Melchor Moreno*, 536 F.2d 1042, 1049 (5th Cir. 1976)).

Raheel's blanket and completely non-specific Fifth Amendment privilege assertions—augmented by his failure or refusal to provide a privilege log—make it impossible for either Plaintiff or the Court to conduct the necessary "particularized inquiry." *See, e.g., Tsanaca v. Amazon.com, Inc.*, No. 4:17-CV-00306, 2018 WL 324447 at *3, *5 (E.D. Tex. Jan. 8, 2018) (noting that the defendant's objections were "not specific enough for the Court to decide whether the [Fifth Amendment] privilege is well-founded" and ordering production of a privilege log).  These blanket Fifth Amendment assertions should be rejected, and Raheel should be required to particularize any Fifth Amendment claims he believes he has and to produce a meaningful privilege log identifying each document he has withheld.

**2. Raheel's Fifth Amendment Claims Are Likely to Fail on an Individual Basis.**

Even if Raheel provides a privilege log and augments his objections with adequate specificity they are unlikely to stand because Raheel will be unable to show that the Fifth Amendment protects many, if any, responsive documents from production. The Fifth Amendment may, under certain circumstances, provide an "act-of-production" privilege, but it is not an absolute excusal from all discovery obligations. The Supreme Court has held that the Fifth Amendment privilege may be invoked, including in civil matters, "to protect an individual from being compelled to personally produce documents, even if the contents of those documents were not privileged, if the act of production would have testimonial aspects that could be self-incriminating." *In re Sambrano Corp.*, 441 B.R. 562, 566 (Bankr. E.D. Tex. 2010) (citing *Fisher v. United States*, 425 U.S. 391, 410 (1976)). "To receive Fifth Amendment protection under the 'act of production privilege,' two requirements must be satisfied: (1) the act of producing the documents must have 'testimonial' aspects . . . and (2) the documents must be self-incriminating." *Id.* (citing *In re Gilboe*, 699 F.2d 71, 74-75 (2d Cir. 1983)).

**a. The Act of Producing Documents Sought by Benefit Street Would Not Be Testimonial.**

The first prong of the act-of-production privilege—the testimonial aspect of production— "may result in incriminating testimony in two situations: '(1) if the existence and location of the subpoenaed papers are unknown to the government; or (2) where production would implicitly authenticate the documents." *Sambrano*, 441 B.R. at 569-70 (citing *AAOT Foreign Econ. Ass'n (VO) Technostroyexport v. Int'l Dev. & Trade Servs.*, No. 96CIV.9056(JGK)(AJP), 1999 WL 970402 at *6 (S.D.N.Y. Oct. 21, 1999)).

As reflected by Exhibit "**A**", Plaintiff generally seeks documents from Raheel concerning: (i) entities that Raheel or his parents owned, controlled, or were otherwise involved in, including

the entities they used to defraud Plaintiff; (ii) individuals and entities that were transferees of some of the Loan proceeds; (iii) the Loan, Plaintiff's state-court litigation against the Bhais, and the government's criminal prosecution of Raheel[4]; (iv) the Bhais' flight from the United States in July 2022; and (v) the Bhais' assets.[5]  These categories are, by and large, not seeking documents that are testimonial within the confines of the above-recited law.  In any event, Raheel carries the burden of identifying responsive documents, producing a privilege log of any responsive documents not produced, and justifying his privilege assertions.

### i.   Production of Financial and Business Records Is Not Testimonial.

As an initial matter, the production of documents prepared by third parties, and of financial and business records, is not testimonial as a matter of law.  In *Sambrano*, the bankruptcy court acknowledged that, in the civil context, the party seeking production (in that case, the trustee) may take the place of the government in the act-of-production privilege analysis, and noted that "records prepared by someone other than [the respondent to the subpoena] . . . generally do not receive protection from compelled production" under the Fifth Amendment privilege because documents not prepared by the subpoenaed person are not testimonial and can generally be independently authenticated.  441 B.R. at 567, 569.  Similarly, courts have held that the act of producing financial or business records is neither testimonial, nor results in implicit authentication of the produced documents.  *Jostens, Inc. v. Hammons*, No. 4:20-CV-00225, 2021 WL 274437 at *4 (E.D. Tex. Jan. 27, 2021) (citing *United States v. Doe (Doe II)*, 465 U.S. 605, 610 (1984); *Fisher*, 425 U.S. at 409; *United States v. Klir*, No. S-78-31-CA, 1979 WL 1563 at *2 (E.D. Tex.

---

[4] In one absurd example, in response to Plaintiff's Request No. 46, Raheel claims Fifth Amendment privilege over documents ***already exchanged between him and the Department of Justice***.

[5] This list is intended to be a summary and not to limit the full scope of Benefit Street's requests.

Dec. 7, 1979)); *see also In re Grand Jury Proceedings,* 814 F.2d 190, 192 (5th Cir. 1987) (individuals may not claim Fifth Amendment privilege to block production of corporate records).

Benefit Street anticipates—in the absence of Raheel's compliance with his obligation to provide a privilege log—that he has withheld production of responsive documents that were prepared by third parties or that constitute financial or business records. As set forth above such documents are not testimonial, and thus not subject to any valid Fifth Amendment privilege claim.

### ii.    The Existence and Location of Responsive Documents is Known.

To the extent that documents sought by Benefit Street are not documents prepared by third parties or financial or business records, their production in most instances would not reveal their previously unknown existence and location. Benefit Street can establish, "with reasonable particularity," its knowledge that responsive documents related to the Loan and subsequent civil and criminal litigation, the Bhais' travel outside of the U.S., financial accounts, vehicles owned and or operated by the Bhais, jewelry or watches owned or purchased by the Bhais, the Bhais' plans to launch a publicly traded REIT, the death of a relative in Pakistan, safety deposit boxes, and which were exchanged between Raheel on the one hand and the Department of Justice (including the United States Attorney's Office) and Probation and Pretrial Services on the other hand, exist. *See Sambrano*, 441 B.R. at 568. And if they do not exist, it is incumbent on Raheel to say so in his written responses.

### iii.    Production of the Requested Documents Would Not Implicitly Authenticate Them.

Similarly, producing most or all responsive documents falling outside of the exceptions for records prepared by third parties or financial and business records would not result in their implicit authentication. The applicable test is whether the documents in question can be independently authenticated without Raheel's testimony. *See Sambrano*, 441 B.R. at 570 (citing *Fisher*, 425 U.S.

at 413)).  To the extent Raheel indicates on an appropriate privilege log that he has withheld responsive documents that are not records prepared by third parties, financial or business records, or records that can be independently authenticated, Benefit Street reserves all rights to object to Fifth Amendment claims as to such documents on any and all available other grounds.

**b. The Act of Producing Documents Sought by Benefit Street Would Not Be Self-Incriminating.**

To satisfy the second prong of the act-of-production privilege analysis, "the party asserting the privilege must demonstrate a 'real and substantial risk' that answers may tend to incriminate." *Sambrano,* 441 B.R. at 566 (quoting *Gilboe,* 699 F.2d at 74—75).  To the extent production of any documents sought by Benefit Street is testimonial, they are not expected to be self-incriminating.

In *Fisher,* the Internal Revenue Service, while investigating two taxpayers for potential civil or criminal violations of tax laws, subpoenaed attorneys representing the taxpayers for certain tax-preparation documents.  *Fisher,* 425 U.S. at 391.  The court noted that for Fifth Amendment protection to extend to the papers in question, "either the fact of existence of the papers or of their possession by the taxpayer" would have to pose a "realistic threat of incrimination."  *Id.* at 412. The privilege "protects a person only against being incriminated by *his own* compelled testimonial communications."  *Id.* at 409 (emphasis added).  Benefit Street seeks documents for the purpose of proving its claims against Debtor, and its requests to Raheel are tailored accordingly.  Further, as described above, Raheel has already confessed—repeatedly—that he defrauded Benefit Street and pled guilty to a federal criminal charge based on that fraud.  Given that context, it is inconceivable that any document produced by Raheel would create a "real and substantial risk" of self-incrimination.

Moreover, under the "required records" exception "a person whose records are required to be maintained by law has no Fifth Amendment protection against self-incrimination . . . to qualify

as a required record, a document must satisfy a three-part test: (1) it must be legally required for a regulatory purpose, (2) it must be of a kind that the regulated party customarily keeps, and (3) it must have assumed 'public aspects' which render it analogous to public documents." *Sambrano*, 441 B.R. at 568 (quoting *AAOT Foreign Econ. Ass'n (VO) Technostroyexport v. Int'l Dev. & Trade Servs.*, 1999 WL 970402 at *7 (citing *Grosso v. United States*, 390 U.S. 62, 67-68 (1968))). Tax returns and other tax forms fall within the exception. *Id.* Benefit Street anticipates—again, in the absence of Raheel's compliance with his obligation to provide a privilege log—that he has withheld production of tax returns or other tax forms, or other documents that qualify as "required records." As set forth above such documents are not self-incriminating, and thus not subject to any valid Fifth Amendment privilege claim.

### c. Raheel Should Be Compelled to Comply with the Subpoena.

As set forth above, Raheel's blanket Fifth Amendment claims are impermissible, and are unlikely to be sustained when evaluated in the context of particularized assertions as to specific withheld responsive documents. The Court should compel Raheel's compliance with Plaintiff's Subpoena, including by requiring Raheel to produce all responsive documents, and as to any documents withheld based on claims of privilege, supplement his objections to state them with specificity and produce a privilege log. The privilege log should indicate whether any listed materials have been voluntarily given to the government so that Benefit Street and the Court may evaluate whether there has been any waiver of the Fifth Amendment privilege. *See, e.g., Toshiba Int'l Corp. v. Kalaga*, No. H-19-4274, 2020 WL 13413223 (S.D. Tex. Apr. 21, 2020) (citing *United States v. Penrod*, 609 F.2d 1092, 1096 (4th Cir. 1979); *United States v. Coppola*, 788 F.2d 303, 309 (5th Cir. 1986)).

**B.  Plaintiff's Subpoena to Rozmeen Should Be Enforced.**

Rozmeen has also failed to produce any documents in response to the Subpoena directed to her—including those she claims would be produced at an unspecified future time.  As an initial matter, she should be compelled to immediately produce the documents she has not indicated as withheld.  In addition, Rozmeen's specific objections, upon which she has apparently withheld responsive documents, should be overruled.

**1.  Rozmeen Has No Privacy Rights in the Requested Documents.**

Rozmeen objects to Plaintiff's Requests 1, 3, 4—6, 12, 38, 44, and 45 based on a purported "right to privacy of her financial records."  This vague "right" simply does not exist under controlling law.  The Supreme Court has rejected the notion that there is a constitutional right to privacy in a person's financial records.  *Velasquez-Campuzano v. Marfa Nat'l Bank*, 896 F. Supp. 1415, 1424 (W.D. Tex. 1995), *aff'd* 91 F.3d 139 (5th Cir. 1996) (citing *United States v. Miller*, 425 U.S. 435 (1976)).  Moreover, this objection is boilerplate and does not "state with specificity the grounds for objecting to the request."  Fed. R. Civ. P. 34(b)(2)(C); *see also Jostens, Inc. v. Hammons*, No. 4:20-CV-00225, 2021 WL 274437 at *7 (rejecting a nearly identical objection as inadequately specific).  Rozmeen's similar boilerplate objections to Request Nos. 34 and 40 based on a generic "right to privacy" are also meritless.

**2.  Rozmeen Need Not Be an Officer, Manager, or Director of an Entity to Produce Responsive Documents Related to Such Entity.**

Rozmeen objects to Request Nos. 2, 7—11, 13—15, and 18, each of which requests documents or communications regarding certain business entities, because she claims she was not a member, officer, or manager of such entity.[6]  There is no legal basis for her position that she

---

[6] Plaintiff maintains that each of these entities was part of the overall Bhai family-controlled enterprise, and does not concede that Rozmeen had no official or unofficial ownership or management role in any of them.

need not produce responsive documents otherwise in her possession, custody, or control absent a member or manager relationship with the entities in question.  Her objections to these Requests should be overruled.

### 3. Rozmeen's Boilerplate Objections are Unfounded.

Rozmeen objects to Request Nos. 16, 17, and 19—27 on the grounds that the subjects of the requests were "not defined, and therefore, vague and ambiguous" and "overly broad and lack[ing] specificity."  Again, these are boilerplate, nonspecific objections that fail to comply with Civil Rule 34(b)(2)(C).  Further, the subjects of each of these Requests are specific enough as to not require further definition.  And finally, as an active participant in the Bhais' fraud and subsequent state court litigation, the subjects of each of these Requests are known to Rozmeen. Her objections to these Requests should be overruled and she should be compelled to make a full production of responsive documents.[7]

### 4. Rozmeen Must Produce Documents and Communications Related to Her Alleged Divorce.

In response to Request No. 36, which seeks documents and communications related to her alleged divorce[8] from Defendant, Rozmeen limits her response to publicly available court records. This response ignores the scope defined by the plain language of Request No. 36, which is not

---

[7] Rozmeen's response to Request No. 16 should be contrasted to her responses to Requests No. 17 and 19—27, because unlike the others, it indicates that she likely has responsive documents that she simply refuses to produce.

[8] Rozmeen and Debtor have allegedly been divorced since 2012; Plaintiff notes that Debtor testified at his Section 341 meeting that, despite their purported divorce, he and Rozmeen reside in the same house; Debtor pays Rozmeen's living expenses; Rozmeen and Debtor jointly guaranteed Raheel's debt to Benefit Street; Rozmeen traveled with Debtor and Raheel to Sharjah and Pakistan; and Rozmeen traveled with Debtor home from Pakistan.  Moreover, as set forth in greater detail in the Complaint, upon information and belief, Debtor and Rozmeen have maintained their financial and business affairs jointly, including, without limitation, the maintenance of a number of joint bank and investment accounts, the ownership and operation of a former Hampton Inn hotel in Addison, Texas, and the Bhais' fraudulent scheme against Plaintiff. Plaintiff alleges upon information and belief that their "divorce" is a sham and that Rozmeen and Debtor have continuously behaved, functionally and financially, as a married couple.

limited to documents filed in court, and Rozmeen should be compelled to produce all responsive documents or to affirmatively state that none are in her possession, custody, or control.

**5.   Rozmeen May Not Decline to Produce a Privilege Log.**

Rozmeen states in her General Objection No. 3 that producing a privilege log would be "unreasonable and unduly burdensome."  This response simply ignores Rozmeen's duties under Civil Rule 45(e)(2)(A), and she should be required to provide a privilege log.

**6.   Rozmeen Has Failed to Produce Any Documents.**

Rozmeen indicates in her responses that she will produce certain responsive documents, but to date she has not done so.  She should be compelled to produce these documents as well as any additional documents withheld based on her frivolous objections, as discussed above.

**C.   Benefit Street is Entitled to Its Expenses For Prosecuting this Motion, Jointly and Severally From Raheel, Rozmeen, and Mr. Ravji.**

Civil Rule 37(a)(5)(A) provides that, upon granting a motion to compel, the Court must require the "party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  An award of expenses under Rule 37(a)(5)(A) is mandatory unless the respondent can demonstrate that any of the three exceptions provided under the Rule apply.  *Berkley Reg'l Ins. Co. v. Weir Bros., Inc.*, No. 3:14-mc-9-B, 2014 WL 2572798 at *2 (N.D. Tex. June 9, 2014).  The exceptions are "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A)(i—iii).

None of the exceptions apply.  Benefit Street has attempted in good faith to obtain Raheel and Rozmeen's compliance with the Subpoenas, as discussed above, and certified the same.

Further, as set forth herein, Raheel and Rozmeen have not and cannot demonstrate that their noncompliance—including their refusal to provide privilege logs—is substantially justified. Finally, Raheel and Rozmeen's Responses raise no other circumstances that would make an award of expenses unjust, and Benefit Street submits that an award of expenses is undeniably justified considering the Bhai family's repeated fraudulent conduct and coordinated flaunting of discovery obligations. Accordingly, Raheel and Rozmeen should be held liable for Plaintiff's expenses in bringing this Motion pursuant to Civil Rule 37(a)(5)(A).

Further, Mr. Ravji, who signed the Responses and advised Raheel and Rozmeen as to their frivolous noncompliance with the Subpoenas, should also be held liable for Plaintiff's expenses. Indeed, Mr. Ravji has been the spokesperson for the entire Bhai family since their contemplated return to the United States. He negotiated a deal with Benefit Street on behalf of the Bhais to make Benefit Street whole, served as their counsel through their breach of this deal while the Bhais negotiated a beneficial plea agreement with the government for Raheel (which is subject to Benefit Street's pending objection), appeared as Debtor's bankruptcy co-counsel at Debtor's Section 341 meeting[9], signed and served upon Benefit Street the deficient responses at issue here on behalf of Raheel and Rozmeen, and then declined to participate in Benefit Street's good-faith attempts to resolve this discovery dispute on grounds that he had withdrawn as counsel. Putting aside the convenient and suspect timing of his withdrawal, Mr. Ravji should not be permitted to counsel his clients—the entire Bhai family—in their coordinated efforts to rob Benefit Street of a meaningful recovery for their fraud while stonewalling Benefit Street from discovery with impunity.

---

[9] Mr. Ravji has still not complied with his disclosure obligations under Section 329(a) of the Bankruptcy Code and Bankruptcy Rule 2016(b).

### D.  Reservation of Rights

Raheel and Rozmeen's dilatory discovery conduct is part of their, and Debtor's, overall scheme and pattern of hindering and delaying Plaintiff's efforts to exercise remedies and collect on the debt the Bhais fraudulently incurred to Plaintiff.  Plaintiff reserves all rights and remedies available to it, including to seek additional sanctions at an appropriate time and in an appropriate manner against Raheel, Rozmeen, and Mr. Ravji.

## V.    CONCLUSION AND PRAYER

As set forth above, Raheel's Fifth Amendment claims are improper as a blanket objection and do not satisfy the test for the act-of-production privilege.  Moreover, his failure to produce a privilege log makes it impossible for Plaintiff or the Court to evaluate those privilege claims. Rozmeen's objections each fail for the reasons discussed above.  It is therefore appropriate for the Court to grant the Motion, compel Raheel and Rozmeen to comply with their discovery obligations, and order them, along with Mr. Ravji, to pay Plaintiff's expenses incurred in prosecuting this Motion.

WHEREFORE Plaintiff requests entry of an order (i) overruling all objections raised by Raheel and Rozmeen in response to the Subpoenas directed to them, (ii) compelling each to make a full production of all responsive documents and communications within one week after entry of the order, (iii) compelling each to produce a privilege log of all documents withheld based on any claim of privilege, within one week after entry of the order, (iv) holding Raheel, Rozmeen, and Mr. Ravji jointly and severally liable for Plaintiff's expenses, including attorney's fees, incurred in connection with this Motion, and (v) for such other relief as the Court deems appropriate.

Respectfully submitted this 20th day of October, 2023.

NELSON MULLINS RILEY & SCARBOROUGH, LLP

*/s/ Adam D. Herring*
LEE B. HART (admitted *pro hac vice*)
Georgia Bar No. 502311
ADAM D. HERRING (admitted *pro hac vice*)
Georgia Bar No. 441119
201 17th Street NW, Suite 1700
Atlanta, Georgia 30363
Tel: (404) 322-6143
Fax: (404) 322-6050
lee.hart@nelsonmullins.com
adam.herring@nelsonmullins.com

JACOB SPARKS
Texas Bar No. 24066126
5830 Granite Parkway
Suite 1000
Plano, Texas 75024
Tel: (469) 484-4758
Fax: (469) 828-7212
jacob.sparks@nelsonmullins.com

*Counsel for Benefit Street Partners Realty Operating*
*Partnership, L.P. and BSP OF Finance, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 20, 2023, true and correct copies of the within and foregoing *PLAINTIFF BENEFIT STREET'S BRIEF IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS TO NONPARTIES RAHEEL BHAI AND ROZMEEN BHAI* were served via CM/ECF on all parties registered to receive electronic notices, and on the following by first-class U.S. mail, postage prepaid, and by overnight courier:

| | |
|---|---|
| Raheel Bhai | Rozmeen Bhai |
| 2216 Glacier Court | 2216 Glacier Court |
| Carrollton, Texas 75006 | Carrollton, Texas 75006 |

Aamer Ravji, Esq.
The Ravji Law Firm, P.C.
1700 Pacific Avenue, Suite 3870

*/s/ Adam D. Herring*